In the Matter of the Application of PRUDENTIAL DAIRY PRODUCTS, INC., Petitioner, to Review a Determination Made by HOLTON V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Respondent, Appellant. — Proceeding under article 78 of the Civil Practice Act. Appeal from an order which requires that the Commissioner of Agriculture and Markets incorporate the minutes taken at the hearing in the copy of the answer or return served upon the petitioner. The original return filed with the county clerk contained a copy of the minutes. The Commissioner asks that petitioner be required to pay for the minutes. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Crapser, Bliss and Foster, JJ.

In the Matter of the Application of OPERA WINE & LIQUOR CORP., Petitioner, against THE STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to article 78 of the Civil Practice Act to review a determination and order of the State Liquor Authority, which revoked petitioner's retail liquor store license after a hearing. The license was revoked for the reason that licensee made false material statements in the application issued to it, to wit: (a) that no officer or director of said applicant was ever arrested for any crime, misdemeanor or offense whatsoever; (b) that none of the officers of said corporation had been convicted of any felony; (c) that Anthony Villani was the sole stockholder of the corporation, was president thereof, as well as a director. It was proven at the hearing by police officers of the city of New York that Villani had been arrested and fined for disorderly conduct, had been arrested and convicted of the charge of robbery in the third degree, a felony, and had been sentenced to from three to six years in Sing Sing Prison. Section 118 of the Alcoholic Beverage Control Law specifically provides that a license or permit issued pursuant thereto may be canceled or suspended for cause and must be revoked for the following cause, i. e., " 2. For making any false material statement in an application for a license." Petitioner's failure to disclose arrests of its president and his arrest and conviction of a felony constituted false material statements. Determination unanimously confirmed, and the proceeding dismissed, with fifty dollars costs and disbursements. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.